MAY 18 2026 PM2:56
FILED - USDC - FLMD - TPA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL MARTIN KNISLEY-DESMOND,
    Plaintiff,

v.                                                                    Case No. 8:26-cv-01340-KKM-TGW

HON. KIMBERLY SHARPE BYRD, in her
  official capacity as Circuit Judge,
  Sixth Judicial Circuit, and
NIKKI ALVAREZ-SOWLES, ESQ., in her
  official capacity as Clerk of the Circuit
  Court, Pasco County,
    Defendants.

---

**NOTICE OF SUBSEQUENT EVENTS**
**IN SUPPORT OF EMERGENCY RENEWED MOTION FOR**
**TEMPORARY RESTRAINING ORDER**

---

## I. PURPOSE

Plaintiff Carl Martin Knisley-Desmond files this Notice of Subsequent Events to inform
the Court of material developments that occurred after the filing of the First Amended
Complaint (Doc. 10) and the Supplemental Memorandum in Support of Preliminary
Injunction (Doc. 11). Plaintiff simultaneously files an Emergency Renewed Motion for
Temporary Restraining Order Based on Changed Circumstances, to which this Notice
provides supporting factual context.

## II. SUBSEQUENT EVENTS

### A. Motion to Declare Vexatious Litigant and Find Contempt (May 11, 2026)

At 4:52 PM on May 11, 2026, attorney Larry S. Hersch filed a Motion to Declare Vexatious Litigant and Find Contempt in the Colletti probate proceeding (Case No. 512025CP000938CPAXES). The motion asks the state probate court to find Plaintiff in contempt of the April 11, 2025 Byrd Order — the identical order that is the subject of this Court's pending preliminary injunction review. Hersch had actual knowledge of this federal action. (Exhibit D.)

### B. Ex Parte Scheduling of Contempt Hearing (May 12, 2026)

On May 12, 2026, the state court's judicial assistant, Kelly Karppe, provided four available hearing dates to Hersch's office. (Exhibit C.) Hersch's paralegal, Jan Slavik, forwarded only two of the four dates to Plaintiff — concealing May 21 and June 4 options and leaving only June 18 (9 AM and 1:30 PM). (Exhibit D.) Plaintiff was given a same-day deadline to respond. The scheduling was conducted without Plaintiff's participation, in violation of Canon 3B(7) of the Florida Code of Judicial Conduct.

### C. DIN 67 — Selective Non-Service (May 12, 2026)

On the same day, the state court entered DIN 67, an Order on Emergency Motion ruling Plaintiff's Emergency Notice "Does Not Qualify as an Emergency." (Exhibit A.) This order was never served on Plaintiff. The Florida Courts E-Filing Portal delivered a Processing Completed notification for a different filing at 10:35 AM the same day (Exhibit B) — proving the system was operational. The non-service was selective.

### D. Coordinated Agreement to Proceed (May 12, 2026)

Attorney Sean White responded "Either time works for me" at 1:58 PM. Paralegal

Sabrina Seigler responded "Either time is fine" at 2:01 PM. Both had actual knowledge of this pending federal action. (Exhibit D.)

### E. Plaintiff's Contemporaneous Objection (May 12, 2026)

At approximately 1:03 PM, Plaintiff sent a formal objection email to all parties and 57 additional recipients including the Tampa Division FBI. The email documented the ex parte scheduling violation, the ADA harm, and the interference with this Court's jurisdiction. The objection is attached as Exhibit G.

## III. RELEVANCE TO PENDING PRELIMINARY INJUNCTION

These events are directly relevant to this Court's pending preliminary injunction analysis in three respects:

First, the scheduling of a contempt hearing based on the Byrd Order confirms that the Sanction Order is being actively enforced — not merely an abstract harm. The June 18 hearing transforms the preliminary injunction from a request to prevent future harm to an emergency to prevent imminent incarceration.

Second, the ex parte scheduling, date filtering, and coordinated rubber-stamping corroborate Plaintiff's First Amendment retaliation claim (Count II). The state court actors are accelerating enforcement specifically because Plaintiff filed this federal action — the essence of First Amendment retaliation.

Third, the psychiatric crisis documented in Exhibit G and the failure to engage in any ADA interactive process before scheduling a hearing that could result in incarceration corroborate Plaintiff's ADA (Count III) and Section 504 (Count IV) claims.

## IV. SIMULTANEOUSLY-FILED EMERGENCY RENEWED TRO MOTION

In light of these changed circumstances, Plaintiff simultaneously files an Emergency Renewed Motion for Temporary Restraining Order Based on Changed Circumstances. Under Mitchum v. Foster, 407 U.S. 225 (1972), 42 U.S.C. § 1983 is an expressly authorized exception to the Anti-Injunction Act, 28 U.S.C. § 2283. A temporary restraining order is necessary in aid of this Court's jurisdiction to prevent a state contempt proceeding from mooting the pending preliminary injunction.

## VERIFICATION

I, Carl Martin Knisley-Desmond, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing factual statements are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

**/s/ Carl Martin Knisley-Desmond**
Carl Martin Knisley-Desmond
P.O. Box 43
Elfers, FL 34680
Dated: 12th day of May, 2026

## CERTIFICATE OF SERVICE

I hereby certify that Defendants have not yet been served with process in this action. Service of the summons and this Notice of Subsequent Events will be effected upon Defendants via process server in accordance with Fed. R. Civ. P. 4(e) and the Court's Service Order (Doc. 8). A copy will be furnished via United States Mail to the Office of the Attorney General, The Capitol PL-01, Tallahassee, Florida 32399, pursuant to Fed. R. Civ. P. 4(i)(1).

**/s/ Carl Martin Knisley-Desmond**
Carl Martin Knisley-Desmond

4

Dated: 12th day of May, 2026