MAY 21 2026 AM8:42
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CARL MARTIN KNISLEY-DESMOND,
  Plaintiff,

v.                                          Case No. 8:26-cv-01340-KKM-TGW

HON. KIMBERLY SHARPE BYRD, in her
official capacity, and NIKKI ALVAREZ-
SOWLES, in her official capacity,
  Defendants.

_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff responds to the Court's May 19, 2026 Endorsed Order directing him to establish, in a paper of fifteen pages or less, why this case should not be dismissed under *Rooker-Feldman* or *Younger*. Doc. 23. Plaintiff acknowledges the Court's independent obligation to police its own subject-matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). For the reasons that follow, neither *Rooker-Feldman* nor *Younger* deprives the Court of jurisdiction over the claims and relief pleaded in the operative complaint.

The operative complaint is the First Amended Verified Complaint, Doc. 10. Plaintiff states expressly that this response seeks no relief beyond Doc. 10 and does not rely on later filings to enlarge the case. The complaint is framed as a federal action for prospective declaratory and injunctive relief against state officers in their official capacities only. Doc. 10 ¶¶ 2–3. The relief sought is exclusively

prospective and runs against Defendants in their official capacities. *See Ex parte Young*, 209 U.S. 123 (1908). The complaint expressly alleges that Plaintiff "seeks exclusively prospective declaratory and injunctive relief," that Plaintiff "does not seek to void, vacate, or modify the April 11, 2025 Sanction Order itself," and that Plaintiff "does not seek review, reversal, or modification of any state court merits determination." Doc. 10 ¶¶ 2–3; Prayer for Relief.

Plaintiff acknowledges this Court's Endorsed Order of May 19, 2026 (Doc. 22), which denied a prior construed motion in part because it "seeks relief beyond what the operative complaint requests (Doc. [10])." Consistent with that directive, this response is confined to the four corners of Doc. 10 and to the relief requested therein.

In its Endorsed Order of May 20, 2026 (Doc. 35), the Court directed that no further motions be filed before the response to the Order to Show Cause and noted that a hearing in a separate state-court matter is scheduled for July 16, 2026. Plaintiff respectfully acknowledges that directive. To the extent the Court has considered the July 16, 2026 hearing in evaluating *Younger*, that hearing is in a separate state-court proceeding involving distinct subject matter; the prayer for relief in Doc. 10 does not seek to enjoin, modify, or interfere with that hearing or any other state-court proceeding. The relief sought is directed exclusively to the Clerk's present ePortal filing barrier and to acceptance of hard-copy filings in divisions statutorily exempt from vexatious-litigant restrictions. Doc. 10 Prayer for Relief ¶¶ 1–5.

Those pleaded limits control. Under them, this case is not barred by *Rooker-Feldman* because the complaint does not ask this Court to exercise appellate review over a state-court judgment. And *Younger* abstention does not apply because the complaint does not seek to enjoin an ongoing state proceeding within the narrow categories recognized by the Supreme Court, and the complaint affirmatively alleges that no such ongoing state proceeding exists. Doc. 10 ¶ 31.

## I. *ROOKER-FELDMAN* DOES NOT BAR THIS ACTION

*Rooker-Feldman* is a narrow jurisdictional doctrine. It does not authorize dismissal merely because a federal action touches a controversy that has also appeared in state court. The Supreme Court held in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." The same opinion makes clear that *Rooker-Feldman* "does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.*

The Eleventh Circuit follows that narrow rule. In *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018), the court explained that *Rooker-Feldman* is a narrow jurisdictional bar confined to cases in which a state-court loser complains of injuries caused by a state-court judgment

and seeks federal-court review and rejection of that judgment. The Eleventh Circuit further held that if a federal plaintiff presents an independent claim, even one that denies a legal conclusion reached by a state court, *Rooker-Feldman* does not bar jurisdiction; preclusion principles, not jurisdictional dismissal, govern instead. *Id.* The Eleventh Circuit has more recently reiterated that the doctrine requires a claim-by-claim analysis and that the operative question is whether the plaintiff seeks relief from an injury caused by the judgment itself rather than from some independent source of injury. *See Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021).

The Eleventh Circuit's most recent published *Rooker-Feldman* decision applies the same narrow rule. In *Efron v. Candelario*, 110 F.4th 1229 (11th Cir. 2024), the court held that the doctrine requires the district court to "determine whether the plaintiff seeks relief from an injury caused by the judgment itself or whether he seeks damages for some independent source of injury," and that "[i]f the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." Slip op. at 9 (citing *Behr*, 8 F.4th at 1212; *Exxon Mobil*, 544 U.S. at 284). *Efron* is materially distinguishable. The *Efron* plaintiff sought relief that, although nominally framed as damages for third-party wrongdoing, would have required the federal court to find that the underlying state court decision was "wrongful" and "corruptly procured" and to negate that decision's effect; the Eleventh Circuit therefore held that the substance of the claim required "review and rejection of the state court judgment." Slip op. at 13–14. The operative complaint here does the opposite. It expressly disclaims any request to "void,

vacate, or modify the April 11, 2025 Sanction Order itself" and any request for "review, reversal, or modification of any state court merits determination." Doc. 10 ¶¶ 2–3; Prayer for Relief. The source of the pleaded federal injury is independent ongoing conduct by state officers — the present automated ePortal block, categorical exclusion from filing channels, and denial of reasonable accommodation under Title II and Section 504. Doc. 10 ¶¶ 35–38, 46–57. Under *Efron*'s controlling formulation, that injury is independent of any state-court judgment, and *Rooker-Feldman* does not apply.

The operative complaint falls outside that narrow bar. It does not ask this Court to reverse, annul, vacate, or modify any state-court judgment. It does not seek appellate review of the April 11, 2025 order. It pleads the opposite. Doc. 10 ¶¶ 2–3. The relief requested is prospective and directed to present implementation: a declaration concerning the current ePortal exclusion, an injunction against enforcement of the automated filing block in identified divisions, an injunction requiring acceptance of hard-copy filings, and an injunction requiring individualized review before any filing prohibition is applied. Doc. 10 Prayer for Relief ¶¶ 1–5. That is not appellate relief.

The complaint's theory of injury is likewise independent of appellate review. The source of the pleaded federal injury is not the historical existence of a state order. The source of the pleaded injury is the present and ongoing implementation of filing barriers by state officers, including the alleged automated ePortal block, categorical exclusion from filing channels, and denial of reasonable accommodation under Title II and Section 504. Doc. 10 ¶¶ 35–38, 46–57. Under

*Exxon Mobil*, if a federal plaintiff "presents some independent claim, albeit one that denies a legal conclusion that a state court has reached," jurisdiction remains present and state law determines whether the defendant prevails under preclusion principles. 544 U.S. at 293.

Counts III and IV reinforce that the federal claims here are independent of any state-court judgment. Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act create federal statutory causes of action against state defendants for disability-based exclusion from public services and programs, including the services of state courts. *See Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004) (holding that Title II validly applies to the class of cases implicating the fundamental right of access to the courts). The Eleventh Circuit has recognized that a Title II claim is stated where a qualified individual with a disability is excluded from or denied the benefits of a public entity's services, programs, or activities by reason of disability. *Shotz v. Cates*, 256 F.3d 1077, 1079–80 (11th Cir. 2001). These are independent federal statutory injuries arising from the Clerk's present implementation of the ePortal block and denial of reasonable accommodation. They do not require this Court to review or reject any state-court judgment, and they exist independently of any preclusion analysis. Doc. 10 ¶¶ 46–57.

The claims pleaded in Doc. 10 can therefore be adjudicated without this Court reviewing and rejecting a state-court judgment. Count I alleges denial of access to courts based on issuance and implementation of a filing prohibition as a present barrier to access. Doc. 10 ¶¶ 33–38. Count II alleges First Amendment

retaliation, seeking prospective injunctive relief only. *Id.* ¶¶ 39–45. Count III alleges exclusion from the filing system, as a service, program, or activity of a public entity, by reason of disability and without reasonable modification. *Id.* ¶¶ 46–52. Count IV alleges materially similar exclusion under Section 504. *Id.* ¶¶ 53–57. None of those counts requires this Court to sit as an appellate tribunal over a state-court merits ruling. Each can be resolved as an independent federal claim directed to present conduct and prospective relief. That is sufficient to defeat *Rooker-Feldman. See Behr*, 8 F.4th at 1212.

## II. *YOUNGER* ABSTENTION DOES NOT APPLY

*Younger* abstention is likewise narrow. It is not a general doctrine permitting federal courts to decline jurisdiction whenever a state interest is implicated. In *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013), the Supreme Court held that *Younger* abstention is limited to three exceptional categories: "(1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." The Court further held that "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Id.* The Supreme Court has likewise emphasized that "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) (*NOPSI*).

The Eleventh Circuit applies the same rule. It has explained that federal courts have a "virtually unflagging obligation to exercise their jurisdiction" and that "only the clearest of justifications merits abstention." *Tokyo Gwinnett, LLC v. Gwinnett County*, 940 F.3d 1254, 1266 (11th Cir. 2019). It has also recognized that *Younger* is unavailable where there is no pending state proceeding at the relevant time. *See For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002).

Measured against those rules, *Younger* does not apply here.

## A. The complaint does not seek to interfere with a qualifying ongoing state proceeding.

The operative complaint alleges that "[a]ll state appellate proceedings arising from the underlying cases have been closed" and that "[t]here are no pending state court proceedings in which this Court's intervention would interfere." Doc. 10 ¶ 31. The complaint further alleges that the Second District Court of Appeal closed state appellate proceedings on May 4, 2026, two days before this action was filed on May 6, 2026. *Id.* On that record, that allegation is the operative jurisdictional fact.

That sequence is sufficient to defeat *Younger* on the pleadings. The Supreme Court has held that "[w]hen no state criminal proceeding is pending at the time the federal complaint is filed, considerations of equity, comity, and federalism on which *Younger v. Harris* . . . and *Samuels v. Mackell* . . . were based, have little vitality: federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice system; nor can federal intervention, in that

circumstance, be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles." *Steffel v. Thompson*, 415 U.S. 452, 462 (1974). The Eleventh Circuit has applied that principle outside the criminal context, holding that abstention is inappropriate where there is no pending state prosecution at the relevant time. *For Your Eyes Alone*, 281 F.3d at 1217. The Supreme Court has further confirmed that abstention does not turn on factual or subject-matter overlap: "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint*, 571 U.S. at 72. Indeed, extending *Younger* beyond its three exceptional categories "would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *NOPSI*, 491 U.S. at 368. On the record presently available, *Younger*'s threshold predicate is absent.

## B.  This case does not fit the narrow *Sprint* categories.

This action is not a state criminal prosecution. It is not a quasi-criminal civil enforcement proceeding initiated by the State to sanction Plaintiff for a wrongful act within the meaning of *Sprint*, which explains that civil enforcement proceedings warranting *Younger* abstention are generally "akin to a criminal prosecution" and "characteristically initiated to sanction the federal plaintiff . . . for some wrongful act." 571 U.S. at 79. Nor is this action a request for federal supervision of a state court's judicial function in the abstract. It is a civil-rights and disability-access action seeking prospective relief against named officers based on alleged present filing barriers and denial of accommodation. Doc. 10 ¶¶ 35–38, 46–57; Prayer for Relief ¶¶ 1–5.

The Court's prior Order of May 7, 2026 (Doc. 8) cited *Juidice v. Vail*, 430 U.S. 327, 335–36 (1977), for the proposition that federal-court interference with a State's contempt process is an offense to the State's interest. The present action does not implicate *Juidice*. The prayer for relief in Doc. 10 does not seek to enjoin any state-court contempt proceeding, any vexatious-litigant sanction enforcement, or any state-court order. The prayer seeks only forward-looking relief directed to the Clerk's automated ePortal block and to acceptance of hard-copy filings in divisions statutorily exempt from vexatious-litigant restrictions. Doc. 10 Prayer for Relief ¶¶ 1–5. *Juidice* does not bar that relief.

Nor does this action implicate *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), the companion judicial-functions case along the same *Sprint* third-category line. *Pennzoil* rests on the State's interest in "the processes by which the State compels compliance with the judgments of its courts." 481 U.S. at 13. The relief sought in Doc. 10 does not interfere with any state-court contempt process, lien enforcement, supersedeas mechanism, bond requirement, judgment-execution procedure, or any other process by which the State compels compliance with its judgments. The relief sought concerns only the present implementation of an automated filing block and the acceptance of hard-copy filings in divisions statutorily exempt from vexatious-litigant restrictions. Doc. 10 Prayer for Relief ¶¶ 1–5. That distinction tracks the limiting principle the Supreme Court reaffirmed in *Sprint*: abstention does not extend beyond cases falling within the three identified categories. 571 U.S. at 72.

10

That distinction is dispositive. The complaint does not ask this Court to direct how a state probate or other state matter should be decided on the merits. It does not seek an injunction prohibiting a state court from adjudicating a pending cause. It seeks only forward-looking relief concerning alleged implementation of an automated filing block, acceptance of hard-copy filings, and individualized review. Doc. 10 Prayer for Relief ¶¶ 1–5. Under *Sprint*, abstention is not justified simply because a state proceeding may involve the same general subject matter. 571 U.S. at 72.

## C. Even if the Court identifies an ongoing proceeding, *Younger* presupposes a competent forum.

Even when a proceeding falls within a recognized *Younger* category, abstention is not automatic. In *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973), the Supreme Court held that *Younger* dismissal "presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved."

The complaint alleges that the Clerk operates the filing system, that the ePortal is the primary means of filing in Pasco County, that the automated block excludes Plaintiff from that filing system, and that no reasonable accommodation or alternative filing mechanism has been provided despite Plaintiff's disabilities. Doc. 10 ¶¶ 48–52. The complaint further alleges that this exclusion denied meaningful access to court services. *Id.* ¶¶ 35–38, 56. If those allegations are accepted as true at the pleading stage, the forum through which Plaintiff would be expected to present his federal access claims is itself alleged to be the mechanism of exclusion. That is enough to defeat any assumption that *Younger* requires

11

abstention.

## III. THE COURT SHOULD EXERCISE THE JURISDICTION IT POSSESSES

The operative complaint is carefully limited. It seeks prospective declaratory and injunctive relief only. Doc. 10 ¶ 2. It disclaims any request to void, vacate, or modify the April 11, 2025 order. *Id.* It disclaims review, reversal, or modification of any state-court merits determination. *Id.* Prayer for Relief. It alleges that no pending state proceeding exists with which this Court would interfere. *Id.* ¶ 31. And it pleads independent federal claims against state officers concerning present access barriers and disability accommodation. *Id.* ¶¶ 35–38, 46–57.

On those facts, neither *Rooker-Feldman* nor *Younger* authorizes dismissal. *Rooker-Feldman* is confined to de facto appeals from state-court judgments. *Exxon Mobil*, 544 U.S. at 284; *Behr*, 8 F.4th at 1212. This case is not such an appeal. *Younger* is limited to exceptional categories of ongoing proceedings, and abstention is not in order merely because a state matter involves similar subject matter. *Sprint*, 571 U.S. at 72; *NOPSI*, 491 U.S. at 368. This case does not fit those exceptional categories on the present record.

The federal courts have a duty to decide cases within their jurisdiction, and "only the clearest of justifications merits abstention." *Tokyo Gwinnett*, 940 F.3d at 1266. No such justification appears on the present record.

## IV. ALTERNATIVE RELIEF: NARROWING OR STAY, NOT DISMISSAL

12

If the Court concludes that any portion of the operative prayer for relief in Doc. 10 could be read more broadly than Plaintiff intends, Plaintiff has consistently and expressly disclaimed any request to vacate or modify the April 11, 2025 order. Doc. 10 ¶ 2. If the Court concludes that any specific requested remedy could be read to intrude on state-court functions, the proper course is to narrow or deny that specific remedy rather than dismiss the entire action.

To the extent the Court concludes that *Younger* applies to any portion of the relief sought, a narrowly tailored stay is a permissible alternative to dismissal for any claim that cannot be redressed in the parallel state matter. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). To the extent further refinement of the prospective-only scope of relief is necessary, granting leave under Plaintiff's pending motion (Doc. 33) rather than dismissal is the proper course. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2).

**CONCLUSION**

Plaintiff respectfully requests that the Court discharge the Order to Show Cause and decline dismissal under *Rooker-Feldman* or *Younger*. In the alternative, to the extent the Court identifies any specific portion of the prayer for relief that warrants narrowing, Plaintiff respectfully requests that such narrowing be applied to the specific remedy rather than by dismissal of the entire action, or that the Court enter a stay pursuant to *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

DATED: May 21, 2026
Respectfully submitted,

13

/s/ Carl Martin Knisley-Desmond
CARL MARTIN KNISLEY-DESMOND
P.O. Box 43
Elfers, FL 34680
(727) 261-3708
legalmatters777@gmail.com
Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2026, I delivered the foregoing Plaintiff's Response to Order to Show Cause to the Clerk of Court for the United States District Court for the Middle District of Florida, Tampa Division, by personal delivery to the Clerk of Court at the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Defendants Hon. Kimberly Sharpe Byrd and Nikki Alvarez-Sowles have been served with process but have not yet entered an appearance in this action. Until an appearance is entered, the duty under Federal Rule of Civil Procedure 5(a)(1) to serve subsequent papers on counsel has not yet attached.

/s/ Carl Martin Knisley-Desmond
CARL MARTIN KNISLEY-DESMOND

14