MAY 26 2026 AM 10:33
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARL MARTIN KNISLEY-DESMOND,
   Plaintiff,

v.

HON. KIMBERLY SHARPE BYRD, in her official
capacity as Administrative Judge, Sixth Judicial
Circuit, and NIKKI ALVAREZ-SOWLES, in her
official capacity as Clerk of the Circuit Court and
Comptroller, Pasco County, Florida,

   Defendants.
_____/

**Case No. 8:26-cv-01340-KKM-TGW**

## PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL EVIDENCE IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Carl Martin Knisley-Desmond respectfully files this Notice to place the following verified facts on the record. Plaintiff submits that these facts bear on the pending Motion for Preliminary Injunction (Doc. 2), specifically the irreparable-harm prong, the balance of harms, and the state-forum-adequacy analysis addressed in Doc. 37 at pages 10–11 under *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). This Notice is informational and seeks no relief beyond placement of the following facts on the record.

1. On May 6, 2026, Plaintiff filed this federal civil rights action challenging the constitutional validity and application of the April 11, 2025 Injunctive Sanction Order (the "Byrd Order") entered in Pasco County Circuit Court Case Nos. 2025-CA-1008-WS et al.

2. On May 10, 2026, Plaintiff filed a notice in Pasco County Probate Case No. 512025CP000938CPAXES advising that court of this federal action.

3. On May 11, 2026 — one day after Plaintiff's notice — the Personal Representative filed, through counsel **Larry S. Hersch, Esq.** of **Alfonso Hersch, P.A.**, a Motion to Declare Vexatious Litigant and Find Contempt (Florida Courts E-Filing Portal Filing #247926599, docketed as DIN 66) in Case No. 512025CP000938CPAXES. The motion expressly identifies two theories of relief: (1) a declaration that Plaintiff is a vexatious litigant under Fla. Stat. §68.093, and (2) contempt for alleged violation of the same April 11, 2025 Byrd Order challenged in this federal action. A hearing on DIN 66 is scheduled for July 16, 2026.

4. On May 22, 2026, Plaintiff received correspondence from **Gregg M. Moran, Esq.** (Florida Bar No. 1011060) of **Alfonso Hersch, P.A.**, transmitting a proposed waiver of service of process under Federal Rule of Civil Procedure 4(d) in this federal action, positioning Mr. Moran as defense counsel for Defendants.

5.  Accordingly, **Alfonso Hersch, P.A.** is simultaneously — through different attorneys within the same firm — (a) defending Defendants in this federal action, which challenges the constitutional validity and application of the Byrd Order, and (b) prosecuting a state-court motion seeking contempt and a vexatious-litigant designation premised on that same Byrd Order, with a hearing scheduled for July 16, 2026 — 41 days from the date of this Notice.

6.  Plaintiff respectfully brings these facts to the Court's attention. As documented in Doc. 37 at pages 10–11, *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973), holds that Younger abstention "presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." The facts set forth above bear on whether the state forum satisfies that predicate.

Dated: May 26, 2026.

Respectfully submitted,

/s/ Carl Martin Knisley-Desmond

**CARL MARTIN KNISLEY-DESMOND**

P.O. Box 43

Elfers, FL 34680

Telephone: (727) 261-3708

Email: legalmatters777@gmail.com

*Plaintiff, pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2026, I delivered the foregoing Plaintiff's Notice of Filing Supplemental Evidence to the Clerk of Court for the United States District Court for the Middle District of Florida, Tampa Division, by personal delivery to the Clerk of Court at the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Defendants Hon. Kimberly Sharpe Byrd and Nikki Alvarez-Sowles, Esq., have been served with process but have not yet entered an appearance in this action. Until an appearance is entered, the duty under Federal Rule of Civil Procedure 5(a)(1) to serve subsequent papers on counsel has not yet attached.

/s/ Carl Martin Knisley-Desmond

**CARL MARTIN KNISLEY-DESMOND**

4